UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIE CARDWELL, as Administratrix of the Estate of Deceased, Harriette Smith, | CASE NO.1:05CV1856 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| CAROLYN A. BOWER, et al., | ORDER |
| Defendants. | |

CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Carolyn Bower's Motion to Dismiss for lack of personal jurisdiction and improper venue. For the following reasons, the Court finds, in the interest of justice and for convenience of parties and witnesses, the United States District Court Southern District of Texas, Houston Division, is the appropriate venue and Orders this case transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

## FACTS

Plaintiff's Amended Complaint alleges on August 21, 2003, Plaintiff's decedent was a

1

passenger of a motor vehicle driven by Defendant Carolyn Bowers in the State of Texas. Due to Defendant's negligence and/or intoxication, Defendant's vehicle went off the freeway and flipped onto an access road, ejecting Plaintiff's decedent from the vehicle. Plaintiff's decedent expired later that morning as a result of her injuries. Defendant allegedly admitted her negligence in a criminal proceeding brought in the State of Texas.

Defendant Bowers has moved for dismissal for lack of personal jurisdiction, as the Defendant is a Canadian citizen and the accident occurred in Texas. Plaintiff's decedent was an Ohio citizen, as is Ms. Cardwell, the administratrix of decedent's estate. Defendant alleges she lacks the minimum contacts with Ohio required for this Court to exercise personal jurisdiction over Defendant and Constitutional principles of Due Process require the Court dismiss this action. Defendant also alleges venue is improper as the accident occurred in Texas, and defendants, witnesses and relevant documents are located in Texas.

## Standard of Review

Plaintiff "need only make a prima facie showing of jurisdiction," in the absence of an evidentiary hearing. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). A prima facie showing is sufficient when plaintiff alleges sufficient facts "establishing with reasonable particularity sufficient contacts between defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987).

"To determine whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment." *CompuServe,* 89 F.3d at 1262. Recent Ohio law holds Ohio's long-arm statute does not extend personal jurisdiction to the limits of due process. *Goldstein v. Christiansen,* 70 Ohio

St.3d 232, 238. (1994). "To determine whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment." *CompuServe,* 89 F.3d at 1262.

### A. Ohio's Long-Arm Statute

The Ohio Long-Arm statute, O.R.C. § 2307.382(A), states that personal jurisdiction arises from:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury ... in this state;

(4) Causing tortious injury in this state by an act ... outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state ...;

(5) Causing injury in this state to any person by breach of warranty ...;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of inquiring persons ...;

(7) Causing tortious injury to any person by criminal act ...:

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state ....

Here. Plaintiff's offer evidence Defendant was a resident of Ohio. Three days prior to the accident Plaintiff's decedent and Defendant went to Texas due to a job opportunity. Defendant conducted business in Ohio and drove decedent around Cleveland to sign up new customers for utility services just days prior to the accident in Texas. Defendant trained Plaintiff's decedent in

3

her job duties in Ohio.

Plaintiff therefore has sufficient contacts with Ohio to satisfy Ohio's Long-Arm statute. However, the Court must next ascertain whether the Plaintiff's assertion of personal jurisdiction survives constitutional scrutiny.

"As always in this context, the crucial federal constitutional inquiry is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Compuserve*, at 1263 quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, (1940)). "This court has repeatedly employed three criteria to make this determination: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable." *Compuserve*, at 1263 citing *Reynolds, v. International Amateur Athletic Federation*, 23 F.3d 1110, 1116 (6th Cir. 1994). Based upon the facts recited above, this Court finds that the Due Process requirement of comportment with "traditional notions of fair play and substantial justice" should be analyzed in conjunction with an examination of whether, in the interests of justice, venue is appropriate in Ohio.

### Venue

Having found this Court has personal jurisdiction under Ohio's Long-Arm statute, the Court must next determine whether venue is proper in the Northern District of Ohio.

Plaintiff's Amended Complaint alleges federal jurisdiction pursuant to 28 U.S.C. §1332, as there is diversity of citizenship.

28 U.S.C. §1391(a) states:

**(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1404(a) this Court has broad discretionary powers to transfer civil actions. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

"Although there is no definitive list of factors that must be considered in determining whether change of venue is warranted for convenience of parties and witnesses, a district court may consider a number of case-specific factors including, but not limited to: (1) the nature of the suit; (2) the place of events involved; (3) relative ease of access to sources of proof; (4) nature and materiality of testimony to be elicited from witnesses who must be transported; (5) respective courts' familiarity with applicable law and conditions of their dockets; and (6) residences of parties. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp.2d 1039 (S.D. 2002). In considering these factors, the Court finds the overwhelming weight militates towards transfer. Plaintiff's claims arise from a motor vehicle accident that occurred in the state of Texas. All named defendants reside in Texas. Defendant Bower is presently incarcerated in Texas. The

5

investigation of the underlying criminal case was conducted in Texas and all evidentiary materials, witnesses and defendants are located in the Texas. Unquestionably, this action could have been properly brought in Texas.

Therefore, this Court finds that the interests of justice and convenience of parties are best served by transferring this case to the United States District Court, Southern District of Texas, Houston Division.

IT IS SO ORDERED.

6/29/06
Date

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

6